# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

| | |
|---|---|
| KRISTIE JACKSON, on behalf of J.E.J, a minor, | * * * |
| Plaintiff, | * |
| v. | * |
| | *   No. 5:10-cv-00041-SWW-JJV |
| MICHAEL ASTRUE, COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | * * * |
| Defendant. | * |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Kristie Jackson, brings this action on behalf of her son, J.E.J., seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for child supplemental security income (SSI) benefits under Title XVI of the Social Security Act (the "Act").

## I.  PROCEDURAL BACKGROUND

Plaintiff applied for SSI on J.E.J.'s behalf on January 25, 2007, alleging a disability onset date of August 1, 2001, due to speech and learning disabilities. (Tr. 74, 78, 93) At the time of applying for benefits, J.E.J. was almost four years old, a preschooler under the Act. (Tr. 74); 20 C.F.R. § 416.926a(g)(2)(iii).

Plaintiff's claim was denied both initially and on reconsideration. An Administrative Law Judge (ALJ) conducted an administrative hearing on November 20, 2008, Tr. 25-44, with Plaintiff present and represented by counsel. In a written decision dated March 11, 2009, the ALJ found that J.E.J. was not disabled within the meaning of the Act. (Tr. 12-24). On January 11, 2010, the Appeals Council declined to review this determination, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-4). Plaintiff has now filed a Complaint in federal court seeking judicial

review of the Commissioner's decision.

## II.     APPLICABLE LAW

The court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir.2003). In determining whether evidence is substantial, the court considers both evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Craig v. Apfel,* 212 F.3d 433, 435-36 (8th Cir.2000) (citing *Prosch v. Apfel,* 201 F.3d 1010, 1012 (8th Cir.2000)).

To be considered disabled under the Act, a plaintiff must prove he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations" and that has lasted or can be expected to last for at least twelve months. 42 U.S.C. § 1382c(a)(3)(C)(i); 20 C.F.R. § 416.906. In evaluating a child's allegations of disability, the ALJ performs a sequential three-step evaluation. *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718 (8th Cir. 2005); 20 C.F.R. § 416.924(a). The ALJ first determines whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If the child is so engaged, he will not be awarded SSI benefits. *Id.* At the second step, the ALJ determines whether the child has an impairment or combination of impairments that are "severe." 20 C.F.R. § 416.924(c). To be deemed severe, an impairment must be more than "a slight abnormality . . . that causes no more than minimal functional limitations." *Id.* At the final step, the ALJ determines whether the child has an impairment or impairments that meet, medically equal, or functionally equal a listed impairment. 20 C.F.R. § 416.924(d).

The claimant has the burden of proving a listed impairment by showing it "is at least equal in severity and duration to the medical criteria of the listed impairment." *Jackson v. Astrue,* 314 Fed. Appx. 894, 895 (8th Cir.2008) (citing *Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir.2004)); 20 C.F.R. § 416.926(a); *Neal ex rel. Walker v. Barnhart,* 405 F.3d 685, 689 (8th

3

Cir.2005).

A child will also be awarded benefits if his impairments "functionally" equal a listed impairment. 20 C.F.R. § 416.926a(a). For a determination of functional equivalence, the ALJ must assess the child's developmental capacity in six specified domains: (1) Acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and, (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 722 n. 4 (8th Cir.2005). To functionally equal a listing, an impairment must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a).

Marked limitation means the impairment seriously interferes with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). It is "more than moderate" but "less than extreme." *Id.* An extreme limitation is defined as "more than marked," and means the child's impairment very seriously disturbs the ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(3)(i). "[D]ay-to-day functioning may be very seriously limited when [an] impairment(s) limits only one activity or when the interactive and cumulative effects of [the] impairment(s) limit several activities. *Id.*

To assess the degree of limitation in each of the six domains, the ALJ must analyze the child's subjective complaints in accordance with seven factors: (1) the child's daily activities; (2) the location, duration, frequency, and intensity of the child's pain or other symptoms; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of the child's medication; (5) treatment, other than medication, that the child receives or has received for relief of pain or other symptoms; (6) any measures the child uses or has used to relieve his or her pain or other symptoms; and (7) other factors concerning the child's functional limitations or restrictions due to pain or other symptoms. 20 C.F.R. § 416.929(c)(3); *Polaski v. Heckler,* 739 F.2d 1320 (8th

Cir. 1984).

## III. DISCUSSION

Plaintiff raises two issues in support of her Complaint: (1) whether the ALJ failed to properly develop the record; and (2) whether the ALJ erred in his functional equivalence determination. (Doc. No. 13, p. 15-23). The Commissioner has responded. (Doc. No. 14). After careful consideration of the arguments advanced by both sides, the Court finds that substantial evidence does not support the Commissioner's decision and recommends remand of this case for further development of the record.

Plaintiff argues that the ALJ failed to fully and fairly develop the record by failing to contact J.E.J.'s treating sources. Plaintiff's point has merit. The evidence of record shows that J.E.J. has substantially limited speech and cognitive abilities. While the ALJ gives great weight to the evaluations and reports by his second grade teacher, Dianne Harvey (Tr. 134-145, 174-180), the ALJ dismisses the more recent reports from J.E.J's fourth grade teachers, Myra Davis and Suzanne Roberts (Tr. 247-253). While Ms. Harvey has known J.E.J. for a longer period of time, his fourth grade teachers have more recently interacted with J.E.J. on a daily basis. (Tr. 247). The ALJ noted that Ms. Davis and Ms. Roberts provided information showing J.E.J. had "marked limitations in the areas of acquiring and using information, attended and completing tasks, and interacting and relating to others." (Tr. 18). However, the ALJ, without providing any analysis, simply concluded, "Ms. Davis and Ms. Roberts are not qualified individuals who are able to make these determinations and therefore their opinions are not entitled to any controlling weight." *Id.* In reviewing the questionnaire, the Court fails to understand why Ms. Davis and Ms. Roberts, as J.E.J.'s teachers, would not be qualified to determine whether he had limited abilities in acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, and caring for himself. (Tr. 247-253). The ALJ seemingly concludes that

the form was inapplicable to teachers, yet the form is specifically designed to be completed by a "teacher, counselor, or health care provider." More importantly, the answers that Ms. Davis and Ms. Roberts provided were consistent with other evidence in the record. (Tr. 144, 152, 174-180, 181-184, 236, 243-246). While these teachers may not be qualified to make certain determinations listed on the form,[1] they were highly qualified to complete the majority of the form.

Additionally, the record reveals that Ali Hashmi, M.D., performed a psychiatric evaluation of J.E.J. and diagnosed him in pertinent part with: Axis I - Adjustment Disorder with Depressed Mood; Axis II - Mild Mental Retardation. (Tr. 243-246). The ALJ discounted this diagnosis because his "diagnosis of mild mental retardation does not appear to be based on any formal testing and that the GAF score is inconsistent with observations made by the claimant's teacher and the testimony of the claimant's mother regarding his adaptive functioning." (Tr. 18). This diagnosis may be inconsistent with *one* teacher, but is certainly consistent with the observations of Ms. Davis and Ms. Roberts. Furthermore, this diagnosis poses a substantial issue that deserved to be fully developed by way of a consultative examination.

Accordingly, the Court finds that substantial evidence does not support the ALJ's decision and this case should be reversed for further development of the record. On remand, the ALJ should fully consider all of the evaluations provided by J.E.J's teachers. Additionally, given Dr. Hashmi's findings, the ALJ should contact J.E.J.'s treating source, Southeast Arkansas Behavioral Healthcare System for further development of the record regarding J.E.J.'s cognitive limitations or order a consultative examination to determine his level of functioning in each of the six domains.

---

[1] They reported they were "unable to answer" the section on J.E.J.'s health and physical well-being, giving credibility to their assessment.

## IV. CONCLUSION

The Court finds that the ALJ's decision is not supported by substantial evidence. Therefore, it is recommended that this matter be REVERSED AND REMANDED to the Commissioner for further consideration, pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 27th day of January, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE